**Affirmed and Opinion Filed September 24, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00660-CV

## THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF N.H.

**On Appeal from the Probate Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. MI-14-70308**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Brown
Opinion by Chief Justice Wright

N.H. appeals from a judgment of commitment for temporary inpatient mental health services. In nine issues, appellant generally asserts the evidence is legally and factually insufficient to support the trial court's findings that: (1) as a result of mental illness, he was likely to cause serious harm to himself or others; (2) his ability to function independently was deteriorating because of mental distress; and (3) he was unable to make a rational decision as to whether or not to submit to treatment. We overrule appellant's issues and affirm the trial court's judgment.

### Background

Appellant was at his mother's place of employment, a restaurant in Dallas, Texas, when he began yelling, threatening his mother, removing his clothes and "causing a scene." The police were called, and after speaking with appellant, he was detained on a peace officer's application for emergency detention. Appellant was initially transported to Green Oaks Hospital, where he

was examined by Dr. Erich Swafford. After examining appellant, Dr. Swafford completed a certificate of examination, diagnosing appellant with a psychotic disorder, not otherwise specified (NOS). The hospital report noted that appellant was threatening to kill his spouse and two co-workers. The hospital report also stated that appellant was psychotic, threatening, disheveled, paranoid delusional, irritable, and had poor insight and judgment. It was Dr. Swafford's opinion that he is a risk to others and deteriorating in his ability to function independently. The next day, an application for court ordered temporary mental health services was filed with a physician's certificate of medical examination for mental illness signed by Dr. Swafford. The trial court then ordered appellant detained in protective custody, pending a probable cause hearing. Appellant was transferred to Terrell State Hospital.

On May 9, 2014, Dr. Mohammed El-Awady, a staff psychiatrist at Terrell State Hospital, examined appellant and completed a physician's certificate of medical examination for mental illness. Dr. El-Awady also diagnosed appellant with a psychotic disorder, NOS, and noted that "patient is extremely paranoid" and was also of the opinion that he is a risk to others and if not treated, will continue to experience deterioration of his ability to function independently. The following week, Dr. Margaret Weidow, another staff psychiatrist at Terrell State Hospital, evaluated appellant and filed a second physician's certificate of medical examination for mental illness. That certificate also identifies appellant's diagnosis as "Psychosis NOS." On May 15, 2014, the trial court held a commitment hearing, at which both Dr. Weidow and appellant testified. The State recommended appellant be committed to Terrell State Hospital. At the conclusion of the hearing, the trial court found that appellant was likely to cause serious harm to others, granted the application and ordered commitment at Terrell State Hospital for a period of time not to exceed ninety days. Appellant timely appealed the judgment of involuntary commitment.

## Burden of Proof

A trial court may order temporary inpatient mental health services only if it finds by clear and convincing evidence that the patient is mentally ill and as a result of that mental illness, at least one of three criteria results: the patient (1) is likely to cause serious harm to himself; (2) is likely to cause serious harm to others; or (3) is suffering severe and abnormal mental, emotional, or physical distress, is experiencing substantial mental or physical deterioration of the ability to function independently, and is unable to make a rational and informed decision as to whether or not to submit to treatment. TEX. HEALTH & SAFETY CODE ANN. § 574.034(a)(2)(A), (B), and (C)(i)-(iii) (West Supp. 2013). Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979) (per curiam). To constitute clear and convincing evidence under section 574.034, the evidence must include expert testimony and, unless waived, evidence of a recent overt act or a continuing pattern of behavior that tended to confirm: (1) the likelihood of serious harm to the patient or others; or (2) the proposed patient's distress and the deterioration of the patient's ability to function. TEX. HEALTH & SAFETY CODE ANN. § 574.034(d) (West Supp. 2013). The recent overt act or continuing pattern of behavior must relate to the criteria on which the judgment is based. *State ex rel. T.M.*, 362 S.W.3d 850, 852 (Tex. App.—Dallas 2012, no pet.) (citing *T.G. v. State*, 7 S.W.3d 248, 252 (Tex. App.—Dallas 1999, no pet.)

## Standard of Review

Because the State has the burden of establishing by clear and convincing evidence that the proposed patient meets the requirements of section 574.034(a)(2), we apply a heightened standard of review. *State ex rel. T.M.*, 362 S.W.3d at 852. In a legal sufficiency or no evidence review, we examine all the evidence in the light most favorable to the finding to determine

–3–

whether a reasonable trier of fact could have formed a firm belief or conviction that the finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). Likewise, in reviewing a factual sufficiency claim, we will consider the evidence that the fact finder could reasonably have found to be clear and convincing and then determine, based on the entire record, whether the fact finder could have formed a firm belief or conviction that the allegations in the application were proven. *Id.*

### Discussion

Here, the trial court found that commitment was justified under the second criteria for court ordered mental commitment. At the commitment hearing, Dr. Weidow testified that it was her opinion that as a result of his mental illness, appellant was likely to cause serious harm to others because of his paranoid delusions and verbal threats. Dr. Weidow diagnosed appellant with a psychotic disorder, NOS. In her certificate of medical examination, she reported appellant was anxious, had pressured speech, flight of ideas and looseness of association, poor judgment and no insight, in addition to paranoid delusions. At the hearing, Dr. Weidow testified that she was working on another diagnosis and suspected that either appellant has a schizophreniform disorder or the psychosis is substance induced from appellant's use of the substance "k-2" prior to the episode. She testified that "very little is known at this point, but it appears the damage can be persisting and certainly it induces some severe psychosis."

Dr. Weidow related the circumstances under which appellant was picked up from his mother's place of employment where he was yelling, threatening his mother, and removing his clothes. She testified that although appellant denies everything leading up to his detention by the police, he is "very paranoid." She testified that when appellant arrived at Green Oaks, he was apparently threatening his mother or wife, stating "I will kill that fucking bitch," and was also threatening two co-workers as well. Since appellant has been at Terrell State Hospital, she

–4–

testified that he believes people are plotting against him and has been telling his peers that the hospital staff is tricking them and "messing with their minds." Dr. Weidow testified that appellant was initially taking medication, but treatment was discontinued after the seventh day because appellant was accusing Dr. El-Awady of giving him medication in order to make money from the drug companies. She testified that treatment is necessary so that appellant would be able to think more rationally. In Dr. Weidow's opinion, it would be in appellant's best interest to receive inpatient treatment at Terrell State Hospital at this time, and that there are no less restrictive alternatives available.

Appellant also testified at the commitment hearing. Appellant admitted to using k-2, but testified it is not something he uses every day. He disputed Dr. Weidow's account of the incident at his mother's place of employment. When asked about his actions during the disturbance, appellant denied causing any disturbance, and testified that he does not know why the patrons of the restaurant were frightened or why the police were called. When asked about removing his clothes at the restaurant, appellant said "I only took off my shirt. That's only it." Appellant also denied making any threatening statements towards his mother or wife, and claimed that the statement "I will kill that fucking bitch" was never made. Regarding statements made at Terrell State Hospital, appellant denied saying that people were out to get him, and testified that he felt Dr. El-Awady was upset because appellant read him his rights as a patient. He questioned the credibility of his family and those who claimed he made the threatening statements, and said he felt he was being unjustly committed. Appellant said that if he were released, he would go live with his father.

After reviewing the record, we conclude that the record shows by clear and convincing evidence that the trial court could have reasonably formed a firm belief or conviction that appellant is mentally ill and as a result of that illness, as confirmed by his recent overt acts and

–5–

continuing pattern of behavior, was likely to cause harm to others. Thus, we conclude that the evidence is legally and factually sufficient to support the trial court's judgment. We overrule appellant's first, second, and third points of error. Having done so, we need not address appellant's remaining points of error.

Accordingly, we affirm the trial court's judgment.

140660F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF N.H.

No. 05-14-00660-CV

On Appeal from the Probate Court No. 3,
Dallas County, Texas
Trial Court Cause No. MI-14-70308.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Brown
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered September 24, 2014